ANNA ELIZA GOODYEAR AND SAMUEL S. BURNSIDE, EXECUTORS, ETC., RESPONDENTS, *v.* JOHN C. DE LA VERGNE AND NATHANIEL D. HALE, APPELLANTS.

*Admission contained in answer — acceptance of, by plaintiff*

Where, upon the trial of an action, a plaintiff desires to avail himself of an admission or averment contained in an answer, he must accept the admission or averment as an entirety; he cannot accept a portion of such admission or averment and reject the remainder.

APPEAL from a judgment in favor of the plaintiffs, entered upon a verdict directed by the court.

*E. Countryman*, for the appellant. A party relying on the admission of his adversary in a pleading must take the whole admission or statement as it stands, or nothing. He cannot avail himself of such part only as makes in his favor, and reject the residue. (*Stuart* v. *Kissam*, 2 Barb., 494; *Miller* v. *Avery*, 2 Barb. Ch., 583; *Craig* v. *Tappin*, 2 Sandf. Ch., 78; *Lewis* v. *Ryder*, 13 Abb., 1, 3; *Albro* v. *Figuera*, 60 N. Y., 630; *Rouse* v. *Whited*, 25 N. Y., 170, 175; *Dorlon* v. *Douglas*, 6 Barb., 451; *Nesbitt* v. *Stringer*, 2 Duer, 26.)

*S. S. Burnside*, for the respondents.

BOOKES, J.:

The learned judge on the trial held that the proof, supplemented by the admissions in the defendants' answer, established the plaintiffs' right of action, and directed a verdict for the latter for the amount claimed in the complaint.

It may be well first to see precisely how the parties stood on the pleadings. The complaint contained two counts: In the first, it was alleged that the plaintiffs caused their butter to be forwarded to the defendants at New York, to be sold on commission; that the defendants received and sold it, realizing therefor $261, but refused to pay the plaintiffs therefor. The second count charged a simple sale and delivery of the butter by the plaintiffs to the defendants, and a refusal to pay.

The defendants, by their answer, admitted, (1) that they were partners; (2) that they received a quantity of butter from T. Sabin & Son, to be sold on commission, which butter they believed to be the same mentioned in the complaint; (3) that they sold the butter for T. Sabin & Son and paid them the net proceeds of the sale; (4) and that the money had been demanded of them, and that they had not paid it over save to said T. Sabin & Son; and they denied every allegation in the complaint, said admissions excepted. The answer, when analyzed, amounts to this: A full denial of the complaint, with an admission — or, more properly, an averment—that

they (the defendants) received the butter in suit from T. Sabin & Son for sale on commission; sold it for them and paid them the net avails. The plaintiffs were, therefore, put to full proof of their case, save as they should accept the admissions or averments in the answer in their aid. But if they accepted a part of such admissions or averments as proof they must accept them in their entirety. (*Albro* v. *Figuera*, 60 N. Y., 630; *Rouse* v. *Whited*, 25 id., 170.) The proof was to the effect that the butter was the property of the plaintiffs, and was delivered at the railroad station directed to the defendants in New York, and that it was worth the amount claimed. The proof, standing alone, was insufficient to authorize a recovery. The proof failed to show that the butter was received or sold by the defendants. Now, if we bring in the admission or averments in the answer, that the defendants received and sold it, we must also accept the whole statement connected therewith, which would bring in also the alleged fact that the butter was received from T. Sabin & Son to be sold on commission; that it was sold for them and that they had been paid the avails. Connect these admissions or averments with the oral proof, and consider the case thus made, and it is apparent that the case was one for the jury on the facts. The evidence is that one of the plaintiffs had talked with one of the Sabins in regard to the latter's receiving the butter; then directed it to be carried to them, with the statement that they would know what to do with it. It was taken to them; they marked it to the defendants, and directed that it be taken and delivered at the railroad station, to be forwarded to the defendants, and it also appeared that they (Sabins) were commission merchants at Oneonta, the place where the butter was sent them by the plaintiffs. Now, supplement the admissions in their answer (of part of which the plaintiffs claim the benefit), to wit, that the defendants received the butter from T. Sabin & Son, sold it for them, and paid them the avails, and two serious questions of fact would arise : (1) Whether, on the proof and admissions considered together, there was not a sale of the butter by the plaintiffs to Sabin & Son; and (2) whether the plaintiffs did not make T. Sabin & Son their agents to forward the butter for sale to the defendants, in which case payment to them on sale would have been good payment on their part. Either of these questions found in favor of the defendants would

have defeated the action. Very manifestly, as I think, these questions were for the jury, as the case stood when the verdict was ordered for the plaintiff by the court. Accept nothing, as admitted by the answer, and the oral proof was insufficient to show that the defendants received or sold the butter. Accept the admissions or statements in the answer in their entirety, and consider them in connection with the oral proof, and the two questions of fact above suggested instantly arise.

The learned judge was in error, as I think, in directing a verdict for the plaintiffs as the case stood before him.

Judgment reversed, new trial ordered, costs to abide the event.

LEARNED, P. J., and BOARDMAN, J., concurred.

Judgment and order reversed and new trial granted, costs to abide event.